UNITED STATES BANKRUPCTY COURT     NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------x

In re:                          :      Chapter 7

                            :

**DOROTHY ANN GOTAY**       :      Case No. 05-12118 (ALG)

                            :

                            :

               Debtor.     :

                            :

-----------------------------------------------------x

## MEMORANDUM OF OPINION ORDER

**ALLAN L. GROPPER**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court are the motions of Skyline Federal Credit Union ("Credit Union") (i) to extend the time to file a complaint objecting to the discharge of Dorothy Ann Gotay (the "Debtor") and/or determine the dischargeability of debt under Fed. R. Bankr. P. 4004(b) and 4007(c), and (ii) to examine the Debtor pursuant to Fed. R. Bankr. P. 2004(a). Even though no objections were served, the motions recognize that the Court has an independent obligation to review them. For the reasons set forth below, both motions are denied.

## BACKGROUND

On April 1, 2005, the Debtor filed for Chapter 7 bankruptcy protection. Credit Union holds two unsecured claims against the Debtor. The first claim apparently originates from a transaction occurring on October 14, 2004, where the Debtor applied for a loan by executing and delivering to Credit Union a Loanliner Application. The balance due and owing as of the filing date was $2,439.35. The second claim apparently stems from a transaction occurring on February 10, 2005, where the Debtor applied for a

loan by executing and delivering to Credit Union a Loanliner Open-End Voucher and

Security Agreement.  The balance due and owing as of the filing date was $697.31.

Credit Union argues that it should be granted an extension of time to object to discharge

of Debtor and/or determine dischargeability of the debt under Fed. R. Bankr. P. 4004(b)

and 4007(c), which allow for such extensions upon a showing of "cause."  Without any

discussion of the relevant standards, Credit Union claims that alleged

"misrepresentations" made by the Debtor in her loan applications constitute sufficient

cause.  The deadline to file a complaint pursuant to 11 U.S.C. §§ 523 and 727 was July

11, 2005.

## DISCUSSION

In a Chapter 7 liquidation case, "a complaint objecting to the debtor's discharge

under § 727(a) of the Code shall be filed no later than 60 days after the first date set for

the meeting of creditors under § 341(a)."  *In re Nowinski*, 291 B.R. 302, 305 (Bankr.

S.D.N.Y. 2003); *In re Davis*, 195 B.R. 422, 424 (Bankr. W.D. Mo. 1996).  Fed. R. Bankr.

P. 4004(c)(1) instructs the court to grant the discharge upon the "expiration of the time

fixed for filing a complaint objecting to discharge."[1]  Fed. R. Bankr. P. 4004(b)[2] and

4007(c)[3] allow the court, upon a motion of any party in interest, for cause to extend the

time to file a complaint objecting to discharge or to the dischargeability of any debt.[4]

---

[1] The exceptions to Fed. R. Bankr. P. 4004(c)(1) are inapplicable to the present case.

[2] Fed. R. Bankr. P. 4004(b) states that "on motion of any party in interest, after hearing on notice, the court may for cause extend the time to file a complaint objecting to discharge.  The motion shall be filed before the time has expired."

[3] Fed. R. Bankr. P. 4007(c), setting a 60-day timeframe calculated from the first date set for the meeting of creditors under 11 U.S.C. § 341(a) to file a complaint that seeks to determine the dischargeability of debt under 11 U.S.C. § 523(c), likewise provides that "on motion of a party in interest, after notice, the court may for cause extend the time fixed under this subdivision.  The motion shall be filed before the time has expired."

[4] Because Fed. R. Bankr. P. 4007(c) contains identical language as Fed. R. Bankr. P. 4004(b) with regard to cause, the same analysis and conclusions under Fed. R. Bankr. P. 4004(b) will apply in determining Credit

The determination of what constitutes "cause" rests within the Court's discretion. *In re Nowinski*, 291 B.R. at 305; *In re Farhid*, 171 B.R. 94, 96 (N.D. Cal. 1994); *In re Nevius*, 269 B.R. 209, 211 (Bankr. N.D. Ind. 2001); *In re James*, 187 B.R. at 397. Courts have found the following factors to be relevant to a determination of "cause:" 1) whether the creditor had sufficient notice of the deadline and the information to file an objection; 2) the complexity of the case; 3) whether the creditor exercised diligence; 4) whether the debtor refused in bad faith to cooperate with the creditor; and 5) the possibility that proceedings pending in another forum will result in collateral estoppel on the relevant issues. *In re Nowinski*, 291 B.R. at 305-06.

Applying these five factors to this case, Credit Union does not assert that it did not have actual or constructive notice of the objection deadline. Even if Credit Union had no formal notice of the deadline, knowledge of the pending Chapter 7 bankruptcy would amount to actual knowledge of the objection deadline because Credit Union would be able to estimate the date. *GAC Enterprises, Inc. v. Medaglia (In re Medaglia)*, 52 F.3d 451, 457 (2d. Cir. 1995).

Second, this case is a straightforward Chapter 7 liquidation containing little complexity with regard to the parties, issues and affairs of the Debtor. *In re Leary*, 185 B.R. at 406 (no complexities were alleged in creditor's relationship with the debtor); *In re Kellogg*, 41 B.R. 836 (Bankr. W.D. Okla. 1984) (deadline extended after the court found complexities existed and many parties and issues were affected); *In re Floyd*, 37 B.R. 890

---

Union's request to extend time to file a complaint requesting the determination of dischargeability, and hence, no further discussion of Fed. R. Bankr. P. 4007(c) is warranted. Cf. *In re Nowinski*, 291 B.R. at 305 n.4 (While finding only that "decisions interpreting 'cause' under Rule 4007(c) are . . . persuasive in construing 'cause' under Rule 4004(b)," the reverse is clearly true, as well); *In re James*, 187 B.R. 395, 397 (Bankr. N.D. Ga. 1995) (discussing the meaning of "cause" under both Bankruptcy Rules simultaneously).

(Bankr. N.D. Tex. 1984) (deadline extended to enable creditor to undertake discovery and clarify its position where affairs of the debtor were complex).  Credit Union does not contend that this case is more complex than the average Chapter 7 bankruptcy.

As to factor three, the movant's diligence, many courts have held that an extension of time to object to discharge is not warranted where the party seeking the extension fails "to diligently pursue discovery prior to expiration of the deadline."  *In re Grillo*, 212 B.R. 744, 747 (Bankr. E.D.N.Y. 1997).  Generally, exercising diligence entails attending the 11 U.S.C. § 341(a) meeting and seeking an order to examine or obtain documents from the debtor pursuant to Fed. R. Bankr. P. 2004, and failure to so act will result in a finding that cause does not exist.  *In re Mendelsohn*, 202 B.R. 831, 832 (Bankr. S.D.N.Y. 1996); see also *In re Nowinski*, 291 B.R. at 306; *In re Woods*, 260 B.R. 41, 45 (Bankr. N.D. Fla. 2001); *In re Farhid*, 171 B.R. at 97.

Failure to exercise diligence also occurs when the party seeking an extension of time moves for an examination of and production of documents by the debtor, but fails to make the request in a timely manner.  See e.g., *In re Leary*, 185 B.R. at 406; *In re Quinones Rivera*, 184 B.R. at 183; *In re Dekelata*, 149 B.R. 115, 117 (Bankr. E.D. Mich. 1993).  The courts in *Leary*, *Dekelata*, and *Quinones Rivera* held that cause was absent where a creditor waited ten or eleven days before the expiration of the relevant deadline to pursue a Fed. R. Bankr. P. 2004 examination, or made no earlier attempt at discovery at all.  *In re Leary*, 185 B.R. at 406; *In re Quinones Rivera*, 184 B.R. at 183; *In re Dekelata*, 149 B.R. at 117; see also 9 Collier on Bankruptcy ¶ 4004.03[2] at 4004-15 (15th rev. ed. 2005) ("no extension is appropriate . . . if the party seeking the extension has made no attempts at discovery during all or most of the time available to it").

It is unclear from the motion if Credit Union attended the 11 U.S.C. § 341(a) meeting of creditors.  Even if Credit Union did attend the meeting, however, it waited until only five days before the objection deadline to move for an examination and production of documents.  It failed to exercise diligence.

As to the fourth factor, no allegations exist in Credit Union's motions that the Debtor failed to cooperate with it, let alone refused cooperation in bad faith.  Cf. *European American Bank v. Benedict (In re Benedict)*, 90 F.3d 50, 55 (2d. Cir. 1996) ("While in certain circumstances [debtor's recalcitrant behavior] may be an appropriate basis to extend a creditor's time to file a complaint to determine dischargeability, in this case it does not provide a sufficient ground in light of the bankruptcy court's finding that [debtor] did not act in bad faith"); *In re Nowinski*, 291 B.R. 302 (cause not shown because creditor had not charged debtor or his counsel with lack of cooperation nor could it so charge "since it never asked for any information during the bankruptcy case prior to the deadline for objections").

Finally, no proceedings are pending in another forum whose resolution would result in collateral estoppel on any relevant issues.  See *In re Weinstein*, 234 B.R. 862, 866 (Bankr. E.D.N.Y. 1999).

## CONCLUSION

For the reasons set forth above, the Court finds that Credit Union has not shown cause to justify the grant of an extension of time to file a complaint objecting to discharge of the Debtor or to determine the dischargeability of the debt.  Consequently, the motion for examination and production of documents is moot.  The Court therefore denies both motions.

**IT IS SO ORDERED.**

Dated: New York, New York
      August 30, 2005

*/s/ Allan L. Gropper*_____
UNITED STATES BANKRUPTCY JUDGE